IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GILDAN USA INC.,<br><br>    Plaintiff,<br><br>v.<br><br>DILLARD'S, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 3:14-cv-00590 |

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Gildan USA Inc. ("Plaintiff" or "Gildan"), by and for its complaint against Dillard's, Inc. ("Defendant" or "Dillard's"), alleges as follows:

## INTRODUCTION

1. This action arises out of Dillard's knowing and intentional copying of Gildan's packaging for its GOLDTOE men's athletic socks. Specifically, this is an action for: trade dress infringement, unfair competition, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); unfair competition in violation of North Carolina common law; and unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*

## PARTIES

2. Gildan is a Delaware corporation with its principal place of business at 1980 Clements Ferry Road, Charleston, South Carolina 29492.

3. Dillard's is a Delaware corporation with its principal place of business at 1600 Cantrell Road, Little Rock, Arkansas 72201.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

5. This Court has personal jurisdiction over Dillard's because it has committed tortious acts within this judicial district, has transacted business within this judicial district (including operating department stores selling the infringing merchandise within this judicial district), and has otherwise made or established contacts with this judicial district sufficient to permit the exercise of personal jurisdiction by this Court over it.

6. Venue is proper within this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and injury giving rise to Gildan's claims is occurring within this judicial district, and because Dillard's is subject to personal jurisdiction within this judicial district.

## GILDAN'S GOLDTOE TRADE DRESS

7. Gildan is a subsidiary of Gildan Activewear Inc. ("Gildan Activewear"), a leading manufacturer and marketer of branded apparel. In fiscal year 2013, Gildan Activewear had consolidated net sales totaling over 2.1 billion dollars. In the United States, Gildan is one of the largest suppliers of branded athletic, casual and dress socks to a broad spectrum of retailers.

8. Among Gildan's apparel products are socks marketed under the GOLDTOE trademark.

9. Gildan has adopted a distinctive packaging design (the "GOLDTOE Trade Dress") for its GOLDTOE men's athletic socks, which trade dress is comprised of: 1) a blue band with contrasting gold elements and white lettering for its word mark having two components, the first of which is the term "GOLD"; 2) a gold, partially-serrated rectangle on the

upper-right side of the front of the packaging informing consumers how many pairs of socks are included in the package; and 3) side panels which incorporate the color gold. The GOLDTOE Trade Dress is depicted in **Exhibit 1** attached hereto.

10. The GOLDTOE Trade Dress is inherently distinctive. Alternatively, and in any event, the GOLDTOE Trade Dress has acquired distinctiveness (which acquired distinctiveness is sometimes referred to as "secondary meaning") as a branding device for Gildan's GOLDTOE brand men's athletic socks.

11. Upon information and belief, at the time Gildan adopted the GOLDTOE Trade Dress, no other sock manufacturer, marketer, or retailer sold socks in the United States in a package having the constituent elements of the GOLDTOE Trade Dress.

12. Gildan sells socks in the GOLDTOE Trade Dress packaging in numerous major retail stores throughout the United States, including Kohl's, JC Penney, Belk, Dillard's, Steinmart, and TJ Maxx, among others.

13. More than 91 million pairs of Gildan's GOLDTOE men's athletic socks in the GOLDTOE Trade Dress packaging have been purchased in the United States, generating over 260 million dollars in retail sales.

14. By virtue of its continuous and extensive use of the GOLDTOE Trade Dress in commerce since at least as early as March of 2011, Gildan owns common law rights in its GOLDTOE Trade Dress.

15. Through the extensive, continuous use and promotion of the GOLDTOE Trade Dress, Gildan has developed substantial goodwill in that trade dress, and the GOLDTOE Trade Dress is associated exclusively with the men's athletic socks offered by Gildan under its GOLDTOE mark.

## DILLARD'S INFRINGEMENT OF THE GOLDTOE TRADE DRESS

16. As noted above, Gildan's GOLDTOE men's athletic socks are sold in the GOLDTOE Trade Dress packaging in Dillard's department stores.

17. Dillard's also sells its own men's athletic socks under the trademark GOLD LABEL.

18. Recently, Dillard's began selling its GOLD LABEL socks in interstate commerce in packaging (the "Infringing GOLD LABEL Packaging") that copies all of the key elements of the GOLDTOE Trade Dress. Specifically, Dillard's GOLD LABEL socks are being sold in a package that features: 1) a blue band with contrasting gold elements and white lettering for its word mark having two components, the first of which is the term "GOLD"; 2) a gold, partially-serrated rectangle on the upper-right side of the front of the packaging informing consumers how many pairs of socks are included in the package; and 3) side panels which incorporate the color gold. The Infringing GOLD LABEL Packaging is depicted in **Exhibit 2** attached hereto.

19. Dillard's socks in the Infringing GOLD LABEL Packaging and Gildan's GOLDTOE men's athletic socks are marketed through the same channels of trade and to the same consumers.

20. Dillard's adoption of the Infringing GOLD LABEL Packaging for similar goods as Gildan is likely to cause consumers to be mistaken, confused or deceived into thinking that Dillard's socks originate from, or are associated or affiliated with or sponsored or endorsed by, Gildan and/or its GOLDTOE socks.

21. Additionally, and further exacerbating the likelihood of confusion arising from the imitative Infringing GOLD LABEL Packaging, Dillard's has displayed for sale both

GOLDTOE and GOLD LABEL men's athletic socks in retail displays that bear a sign with the GOLD LABEL mark at the top. (See images attached as **Exhibit 3**).

22. Gildan has not licensed or otherwise authorized Dillard's to use or mimic the GOLDTOE Trade Dress.

23. Dillard's recently has reduced its orders for Gildan's GOLDTOE socks. Having been a retailer of Gildan's GOLDTOE men's athletic socks, Dillard's is well aware of the GOLDTOE Trade Dress and, upon information and belief, Dillard's has intentionally copied the GOLDTOE Trade Dress in order to transition its customers away from the well-known GOLDTOE brand and to Dillard's GOLD LABEL socks.

**FIRST CLAIM FOR RELIEF**
**(TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a), *et seq.*)**

24. Gildan repeats and incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 23 of this complaint.

25. The GOLDTOE Trade Dress is nonfunctional and inherently distinctive.

26. In addition, Gildan established secondary meaning in the GOLDTOE Trade Dress in connection with its men's athletic socks before Dillard's first use of the Infringing GOLD LABEL Packaging.

27. Dillard's use in commerce of a trade dress that is confusingly similar to the GOLDTOE Trade Dress in connection with Dillard's GOLD LABEL socks constitutes a use in interstate commerce that is likely to cause confusion, mistake or deception among consumers as to the source or origin of Dillard's GOLD LABEL socks, such that consumers may believe that Dillard's GOLD LABEL socks are sponsored by, endorsed by, approved by, licensed by, authorized by, or affiliated or connected with Gildan and/or its GOLDTOE men's athletic socks.

28. As such, Dillard's manufacture, distribution and sale of its GOLD LABEL socks in the Infringing GOLD LABEL Packaging violates 15 U.S.C. § 1125(a).

29. Upon information and belief, Dillard's has intentionally, knowingly and willfully adopted and used the Infringing GOLD LABEL Packaging.

30. As a result of these wrongful acts, Gildan is entitled to recover actual and treble damages, reasonable attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

31. In addition, Dillard's acts are causing and continue to cause Gildan harm in the nature of not only lost sales and revenue, but also irreparable harm by virtue of the loss of control over its reputation, the destruction of the distinctiveness of its packaging trade dress, and the loss of substantial consumer goodwill. This irreparable harm to Gildan will continue, without any adequate remedy at law, unless and until Dillard's unlawful conduct is enjoined by this Court.

**SECOND CLAIM FOR RELIEF**
**(COMMON LAW UNFAIR COMPETITION)**

32. Gildan repeats and incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 31 of this complaint.

33. Dillard's use of an imitation of the GOLDTOE Trade Dress in this state and elsewhere, without the authorization or consent of Gildan, in connection with Dillard's GOLD LABEL socks, is likely to cause confusion, mistake or deception among consumers as to the source, origin, sponsorship or affiliation of Dillard's GOLD LABEL socks and constitutes trade dress infringement, unfair competition, and misappropriation of Gildan's goodwill and reputation in violation of North Carolina common law.

34. Upon information and belief, Dillard's use of its Infringing GOLD LABEL Packaging is a bad faith attempt to trade off the goodwill of Gildan.

6

35. By virtue of the foregoing, Dillard's has caused Gildan to suffer injuries for which Gildan is entitled to recover substantial monetary remedies. In addition, Dillard's acts are causing and continue to cause Gildan harm in the nature of not only lost sales and revenue, but also irreparable harm by virtue of the loss of control over its reputation, the destruction of the distinctiveness of its packaging trade dress, and the loss of substantial consumer goodwill. This irreparable harm to Gildan will continue, without any adequate remedy at law, unless and until Dillard's unlawful conduct is enjoined by this Court.

## THIRD CLAIM FOR RELIEF
### (UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER N.C. GEN. STAT. § 75-1.1)

36. Gildan repeats and incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 35 of this complaint.

37. There is invaluable goodwill in Gildan's GOLDTOE Trade Dress. Gildan has expended considerable time and money advertising and promoting the GOLDTOE brand in conjunction with the GOLDTOE Trade Dress.

38. Dillard's has actual knowledge of Gildan's rights in its GOLDTOE Trade Dress, as Gildan's GOLDTOE men's athletic socks are sold in Dillard's department stores. Upon information and belief, Dillard's intentionally copied the distinctive elements of the GOLDTOE Trade Dress for use in its Infringing GOLD LABEL Packaging for its men's athletic socks.

39. Upon information and belief, Dillard's has realized unjust profits, gains and advantages as a proximate result of its infringing conduct.

40. Dillard's use of its Infringing GOLD LABEL Packaging, which incorporates the elements of Gildan's GOLDTOE Trade Dress, is use in commerce that is likely to cause consumers to be confused, mistaken or deceived as to the affiliation, connection or association of

Dillard's with Gildan and/or its GOLDTOE men's athletic socks, or as to the origin, sponsorship or approval of Dillard's men's athletic socks by Gildan, in violation of N.C. Gen. Stat. § 75-1.1.

41. Dillard's unfair and deceptive activities have damaged Gildan and, unless enjoined, will continue to damage Gildan, including causing irreparable injury to Gildan for which Gildan has no adequate remedy at law.

42. Gildan is entitled to and seeks recovery from Dillard's of all damages caused by, and all profits earned unjustly by, Dillard's actions in violation of N.C. Gen. Stat. § 75-1.1, and to have such damages trebled pursuant to N.C. Gen. Stat. § 75-16.

43. Gildan is also entitled to and seeks recovery of its reasonable attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1.

**PRAYER FOR RELIEF**

WHEREFORE, Gildan demands a trial by jury on all issues so triable and judgment in its favor, and against Dillard's, for the following:

1. That Dillard's be adjudged to have infringed Dillard's GOLDTOE Trade Dress;

2. That Dillard's infringement and other wrongdoings be adjudged willful in nature;

3. That, pursuant to 15 U.S.C. § 1116(a), Dillard's, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from directly or indirectly infringing or otherwise violating Gildan's GOLDTOE Trade Dress in this country by, among other things, the following:

   a. Manufacturing, having manufactured, marketing, promoting, printing, using, selling, distributing, or otherwise disseminating, either directly or indirectly in this country, any goods, services, packaging materials, labels, advertisements or promotional materials of any sort in any medium of communication, or reproducing or causing others

to reproduce any such materials, incorporating the GOLDTOE Trade Dress (unless such products are provided by Gildan), including, without limitation, the Infringing GOLD LABEL Packaging; and

  b. Using any false or misleading designations of origin or false or misleading descriptions or representations of fact in this country in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, or display of its products or services under the GOLDTOE Trade Dress, including, without limitation, use of the Infringing GOLD LABEL Trade Dress;

  4. That Dillard's, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with any of them, be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of the injunction, a report in writing and under oath, setting forth in detail the manner and form in which Dillard's has complied with the injunction;

  5. That, pursuant to 15 U.S.C. § 1118, Dillard's be ordered to destroy all advertisements, packaging and promotional materials or any other materials bearing the GOLDTOE Trade Dress;

  6. Pre-judgment and post-judgment interest and costs by virtue of Dillard's infringement of the GOLDTOE Trade Dress;

  7. An award of damages and/or profits to compensate Gildan for Dillard's infringement, pursuant to 15 U.S.C. § 1117;

  8. An award of three times the amount of damages and/or Dillard's profits to compensate Gildan for Dillard's deliberate and willful acts of infringement;

9
LEGAL02/35132506v2
Case 3:14-cv-00590-MOC-DSC   Document 1   Filed 10/22/14   Page 9 of 10

9. An award of damages and/or Dillard's profits for unfair or deceptive trade practices under N.C. Gen. Stat. § 75-1.1 and that such damages and/or Dillard's profits be trebled in accordance with N.C. Gen. Stat. § 75-16;

10. That Dillard's be directed to pay Gildan's reasonable costs and attorneys' fees incurred in connection with this lawsuit, pursuant to 15 U.S.C. § 1117 and N.C. Gen. Stat. § 75-16.1; and

11. That Gildan be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted this 22nd day of October, 2014.

*s/Larry C. Jones*
Larry C. Jones
larry.jones@alston.com
Carla H. Clements
carla.clements@alston.com
ALSTON & BIRD LLP
Bank of American Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
Tel.: (704) 444-1000
Fax: (704) 444-1111

Of Counsel:

Uly S. Gunn
sam.gunn@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street NE
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Plaintiff Gildan USA Inc.*