UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00590-MOC-DSC

| | | |
|---|---|---|
| **GILDAN USA INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DILLARD'S, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on plaintiff's Motion for Discovery (#17) and defendant's Motion for Extension of Time (#18).

In the Response (#19) to the Motion for Extension of Time (#18), plaintiff argues that the initial time allowed for defendant to respond to its motion seeking injunctive relief was sufficient even though it filed its post-Answer motion nearly a month after issues joined, the day after Hanukkah began, and eight days before Christmas, the height of the holiday season. The court finds defendant's request to be entirely reasonable and will allow a brief extension as reflected in the briefing schedule below.

Next, it appears that both parties want the court to conduct a hearing on the briefing schedule for plaintiff's Motion for Preliminary Injunction. The parties state that such hearing is needed so that the parties can discern whether the court intends to rule on the Motion for Preliminary Injunction on the papers or whether it will conduct a hearing. The parties are advised that the court simply will not know whether it will rule on the pleadings or conduct a hearing *until* the briefs are filed and the court has reviewed the pleadings. At that time, the court

will consider whether to schedule a hearing and whether than hearing will be limited to oral arguments or also be evidentiary.

Turning back to the briefing schedule, the court will set deadlines herein without a scheduling conference. Inasmuch as IP cases carry with them a number of usual motions, the court has anticipated some of those motions and, to that end: (1) the page limitations contained in the Local Civil Rules are waived in briefing the Motion for Preliminary Injunction, subject only to reasonableness; and (2) the parties are granted leave to file evidentiary materials containing protected trade secrets under seal. In lifting the page restrictions, the parties are reminded that persuasiveness is not synonymous with volume. This being an IP case, the court also anticipates that motions based on some personal dispute could be filed at some point, that one side will seek sanctions against the other, and that such motions will be supported by a print out of increasingly acrimonious emails. Counsel are advised that the court's expectations as to collegiality apply with equal force in IP cases and that they should keep this case focused on the merits of their client's positions.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) plaintiff's Motion for Discovery (#17) and defendant's Motion for Extension of Time (#18) are allowed;

(2) the page limitations contained in the Local Civil Rules are waived and the parties are granted leave to file evidentiary materials containing protected trade secrets under seal without seeking further leave of this court;

(3) the following Scheduling Order is entered as to the briefing of plaintiff's Motion for

Preliminary Injunction:

(a)     defendant shall serve its responses to plaintiff's previously submitted PI
        discovery requests not later than **January 16, 2015**.  If defendant has
        served or serves by January 9, 2015, any PI discovery requests on
        plaintiff, plaintiff shall serve its responses by **January 16, 2015**;

(b)     in light of such discovery, plaintiff shall file its Supplemental Brief in
        Support of Motion for Preliminary Injunction not later than **January 30,
        2015**;

(c)     defendant shall file its Response to the Motion for Preliminary Injunction
        not later than **February 13, 2015**; and

(d)     plaintiff shall file its Reply not later than **February 20, 2015**.

There shall be no surreply or further extensions of time and the court will notify the

parties by Order whether and when a hearing on the Motion for Preliminary Junction will be

held.

Signed: January 6, 2015

Max O. Cogburn Jr.
United States District Judge

-3-