UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00590-MOC-DSC

| | | |
|---|---|---|
| **GILDAN USA INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DILLARD'S, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on plaintiff's Motion for Preliminary Injunction (#16). While it is never safe to say that a matter has been fully briefed in an intellectual property case, it appears to the court that the briefing allowed by the Local Civil Rules is complete. Oral arguments will, therefore, be scheduled for hearing.

In advance of such hearing, the court believes that it is advisable to inform the parties that the court has conducted a preliminary review of the extensive briefs and exhibits and has some initial thoughts based on that review. Knowing that there is substantial cost in packaging and that substantial lead times are needed to change over product on the retail floor, the parties are advised that a preliminary balance-of-hardships test suggests that a preliminary injunction may well issue. Section 43(a) of the Lanham Act prohibits unauthorized use of another's trade dress if such use is likely to confuse or deceive the public. Trade dress is protectable under the *Lanham Act* when it is distinctive and nonfunctional and where a plaintiff ultimately shows a likelihood of confusion. While all of the factors (and the sub-factors that inform such decision) will be considered in detail -- and the court may well be swayed in the other direction at oral arguments -

- it appears likely that plaintiff will be able to show a likelihood that it will prevail at trial based on the similarly of defendants' trade dress.  Indeed, the exhibits the court has reviewed indicate that the packaging would not just confuse the public, but would likely confuse *the court* as to which product is a genuine GOLDTOE sock and what is a Dillard's house-brand GOLD LABEL sock.  Put another way, if a customer were to walk into Dillard's to buy a pair of GOLDTOE socks, it is very likely that if the customer saw the GOLD LABEL house brand first, the customer would pick up and purchase those socks.  While Dillard's would certainly have that sale and a larger profit, it would likely lose that customer's business or at least some goodwill once it was discovered that the product was not a genuine GOLDTOE sock, as no one appreciates being duped.

Such discussion is not intended to be binding on the courts or the parties, but may be grist for discussions between the parties leading up to the hearing.  As the court further gears up for this hearing, the parties are encouraged to communicate any amicable resolution to the court well in advance of the hearing date so that resources may be directed to other matters.


**ORDER**

**IT IS, THEREFORE, ORDERED** that the Clerk of Court notice plaintiff's Motion for Preliminary Injunction (#16) for **ORAL ARGUMENTS** during the March 2015 hearings calendar.


Signed: February 13, 2015

Max O. Cogburn Jr
United States District Judge