UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00590-MOC-DSC

| | |
|---|---|
| **GILDAN USA INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **DILLARD'S, INC.,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on plaintiff's Motion for Stay Pending Appeal. Plaintiff seeks a stay of discovery and further proceedings in this matter while it pursues an interlocutory appeal of this court's denial of its Motion for Preliminary Injunction.

The standard for a discretionary stay pending appeal under Rule 62(c) is similar to the test for a preliminary injunction under Rule 65: first, plaintiff must show that: (1) it is likely to succeed on the merits; (2) irreparable harm will occur absent a stay; (3) appellee will not be substantially harmed by a stay; and (4) the public interest will not be harmed by a stay. Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970); Alaska Cent. Express, Inc. v. United States, 51 Fed. Cl. 227, 229 (2001); see also Nken v. Holder, 556 U.S. 418, 425 (2009) (holding that such factors constitute the "traditional" standard). The burden of proof is on the moving party as to each element. Long, 432 F.2d at 979; N. Carolina, ex rel. Cooper v. Tennessee Valley Auth., No. 1:06CV20, 2009 WL 2497934, at *2 (W.D.N.C. Aug. 14, 2009). Plaintiff has not satisfied its burden of proof as to any of the Rule 62(c) elements.

First, plaintiff has not shown that it is likely to succeed on the merits of its appeal. Despite plaintiff's excellent briefing of its Motion for Preliminary Injunction, counsel's oral arguments, and the remarkable display of products at the hearing, defendant's responsive arguments and presentation of exhibits persuaded this court that it was unlikely that plaintiff would be able to prevail on its claims at trial. As the court noted in its Order denying the preliminary injunction, the examples of plaintiff's trade dress that were unsupportive of its claims, which plaintiff failed to produce despite a request from defendant, were particularly troubling.

While plaintiff now suggests that the court failed to "analyze properly and recognize the distinctiveness of its trade dress components" and failed to "analyze properly the issue relating to the lack of de jure functionality of the individual and aggregate components of its packaging trade dress," Motion to Stay (#43), at 3, such argument in no way persuades this court that its decision was wrong. Indeed, this court went into the hearing believing that plaintiff had the upper hand, but came out of the hearing convinced that plaintiff would be unlikely to prevail on its claims of trade dress infringement. When a party is able to come from behind, this court believes the decision that results in such party's favor is a tempered one, albeit one that may well be wanting in its analysis of "de jure functionality of the individual and aggregate components…." Id.

The court is in no manner persuaded that its ultimate denial of the "extraordinary remedy" of preliminary injunctive relief, In re Microsoft Corp. Antitrust Litigation, 333 F.3d 517, 525 (4th Cir.2003), was inappropriate under either prevailing law concerning issuance of injunctions, Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008), or under law governing trade dress claims. Tools USA & Equip. Co. v. Champ Frame Straightening Equip., Inc., 87 F.3d 654, 657 (4th Cir.1996). As earlier observed,

> as it appears that plaintiff is seeking trade dress protection for an entire product line, plaintiff's *own* in-court demonstration raises concerns that plaintiff will be unable to show that its claimed trade dress signifies an overall look which is "consistent" throughout the line. Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 115 (2d Cir. 2001). Across its entire line of socks, plaintiff clearly uses an assortment of sized and shaped labels that utilize a spectrum of colors and design features, with some identical socks being displayed in different color packages based on store preferences. As to the men's athletic socks at issue here, defendant demonstrated to the court that plaintiff fails to consistently use on those products the very elements it now claims are protected under the Lanham Act.

Order (#40) at 10. Plaintiff has not pointed the court to any particular piece of evidence which it overlooked or any fundamental flaw in its decision which would have mandated a different result. Indeed, the court still believes that a jury presented with the evidence this court observed in the courtroom would be unlikely to find in favor of plaintiff. What additional evidence plaintiff may be able to discover or generate through conducting consumer surveys has, however, yet to be seen. In the end, the court finds no reason to expect that plaintiff will obtain a different result on its interlocutory appeal based on the evidence and arguments now before the court. Plaintiff has, therefore, not satisfied its burden on the first element of a stay.

Similarly, plaintiff has not satisfied its burden on the remaining requirements for obtaining a stay of proceedings pending appeal. As to the second factor, the court cannot find that plaintiff will be irreparably injured absent a stay as any harm may be addressed through money damages, which defendant appears to have the wherewithal to pay. Indeed, even if the court had granted injunctive relief, plaintiff would be tasked with engaging in the discovery process. Further, plaintiff has pointed to no financial hardship that will be incurred in proceeding with this litigation while its interlocutory appeal is considered by the Court of Appeals for the Fourth Circuit. As to the third element -- potential harm to defendant if a stay were imposed -- it is clear that such a stay could shift substantial risk to defendant, which the court finds would be inappropriate where it

appears (at least initially) that defendant is engaged in lawful competition under the Lanham Act. Finally, as to the fourth factor, the public has an interest in moving this litigation forward so as not to create unnecessary backlogs in its trial courts. Further, the public has an interest in competitive choices in the marketplace and imposition of a stay could interject a level of uncertainty that could cause a prudent corporate defendant to withdraw its products from its shelves.

In the end, the court sees no reason to interject unnecessary delay into the prosecution of an action based on an interlocutory appeal of an Order which the court has every reason to believe will be affirmed, imperfections and all.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Stay Pending Appeal (#43) is **DENIED**.

Signed: May 12, 2015

Max O. Cogburn Jr.
United States District Judge